IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**UNITED STATES OF AMERICA,**            3:09-CR-00465-BR
                                         (3:12-CV-01292-BR)
            **Plaintiff,**
                                         OPINION AND ORDER
**v.**

**OSCAR GARCIA-SERNA,**

            **Defendant.**


**S. AMANDA MARSHALL**
United States Attorney
**JANE H. SHOEMAKER**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

            Attorneys for Plaintiff

**OSCAR GARCIA-SERNA**
# 72355-065
Limestone County Detention Center
910 Tyus Road
Groesbeck,, TX 76642

            Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Oscar Garcia-Serna's Motion (#47) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

On December 15, 2010, Defendant was charged in a Superseding Indictment with seven counts of Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of Possession With Intent to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On March 15, 2011, the Court held a hearing at which Defendant entered a guilty plea to the charge of Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  After finding Defendant's guilty plea was knowing, intelligent, and voluntary and that there was a factual basis for

2 - OPINION AND ORDER

a finding of guilt beyond a reasonable doubt, the Court accepted the plea finding Defendant guilty of that single charge.

On August 2, 2011, the Court sentenced Defendant to a term of 120 months imprisonment and five years supervised release and dismissed all of the remaining charges.

On July 17, 2012, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.

## **STANDARDS**

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and

3 - OPINION AND ORDER

sentencing. . . .  Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## DISCUSSION

Defendant moves to vacate or to set aside his sentence on the ground of ineffective assistance of counsel.  Specifically, Defendant contends his trial counsel was ineffective at sentencing because he failed (1) to request a recommendation from the prosecutor for a two-level departure from the applicable sentencing guideline pursuant to an April 28, 1995, memorandum of the Attorney General giving prosecutors discretion to recommend a one- or two-level departure in exchange for an alien defendant's stipulation to administrative deportation; (2) to ask the Court to deport Defendant as a condition of supervised release; and (3) to ask for a three-level reduction for acceptance of responsibility.

### I.    Standards

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel.  *Premo v. Moore*, 131 S. Ct. 733, 739 (2011).  *See also Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984).  Under this test, a defendant must not only

prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense.  *Premo*, 131 S. Ct. at 739.  *See also Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012); *Ben-Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms."  *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992)(citing *Strickland*, 466 U.S. at 687-88)).  *See also Sexton*, 679 F.3d at 1159 (citing *Premo*, 131 S. Ct. at 739).  The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance.  *Strickland*, 466 U.S. at 688.  *See also Detrich v. Ryan*, 677 F.3d 958, 973 (9th Cir. 2012).  There is a strong presumption that counsel's assistance was adequate.  *Strickland,* 466 U.S. at 689.  *See also Sexton*, 679 F.3d at 1159.  To overturn a guilty plea, the defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  *See also Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010).

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

5 - OPINION AND ORDER

*Strickland,* 466 U.S. at 694.  *See also Sexton*, 679 F.3d at 1159-60.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 695.  *See also Sexton*, 679 F.3d at 1160.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."  *Strickland,* 466 U.S. at 697.  *See also Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010).  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697.  *See also Heishman*, 621 F.3d at 1036.

## II. Defendant has not established sufficient prejudice as a result of counsel's performance.

As noted, Defendant pled guilty to Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) involving levels large enough to invoke the statutory mandatory minimum penalty of 120 months imprisonment.  When a defendant is convicted of Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Cocaine, a court may sentence a defendant to less than the mandatory minimum sentence (1) upon a motion by the government that the defendant provided "substantial assistance in the investigation or prosecution of another person who has committed an offense" or (2) if the court finds the

6 - OPINION AND ORDER

defendant meets the requirements of 18 U.S.C. § 3553(f)(1)-(5) U.S.S.G. § 5K1.1 (the "safety valve").

Here the government did not move for a reduction in Defendant's sentence for providing substantial assistance to the government, and the record does not reflect Defendant provided substantial assistance to the government.  In addition, the Court found Defendant did not meet the requirements of 18 U.S.C. § 3553(f)(1)-(5) because Defendant was a "supervisor of others in the offense" having supervised a "runner" and occasionally his sister in the course of his drug-distribution activities.  The Court, therefore, lacked the authority to impose a sentence below the 120-month mandatory minimum sentence.  In other words, even if defense counsel had requested the government to recommend a two-level reduction for a stipulated deportation, the government had agreed to such a recommendation, and the Court had made such a reduction, it would only have lowered Defendant's advisory sentencing-guideline range and would not have had any impact on the statutory mandatory minimum sentence imposed by the Court.  Similarly, even if the government had agreed to recommend a three-level rather than a two-level reduction for acceptance of responsibility, the three-level reduction would only have lowered Defendant's advisory sentencing-guideline range and it would not have had any impact on the statutory mandatory minimum sentence imposed by the Court.

7 - OPINION AND ORDER

The Court, therefore, concludes Defendant has not established any alleged errors by counsel that could have prejudiced Defendant at sentencing.  Accordingly, the Court denies Defendant's Motion to Vacate or Set Aside Sentence.  Moreover, because the legal issues raised in Defendant's Motion are clearly established, the Court does not see any basis to grant Defendant a certificate of appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#47) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 29th day of October, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER